76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ugandi HOWARD, Defendant-Appellant.
 No. 95-10177.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 17, 1996.
 
 Before: SNEED, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ugandi Howard appeals his 108-month sentence after pleading guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841. He contends: (1) the statutory distinction between rock and powder cocaine is unconstitutionally vague; (2) the 100-to-1 penalty ratio for rock and powder cocaine discriminates against minorities and serves no rational purpose; and (3) the Sentencing Guidelines' failure to take into account the "irrationality" of the sentencing scheme is a basis for downward departure pursuant to U.S.S.G. § 5K2.0. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We consistently have rejected constitutional challenges to the statutory distinction between rock and powder cocaine based on vagueness and equal protection grounds. See e.g., United States v. Davis, 36 F.3d 1424, 1434, 1437 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995).
 
 
 4
 On May 1, 1995, the Sentencing Commission recommended that the differential treatment of rock and powder cocaine be eliminated. Congress recently rejected that recommendation. We previously have rejected the argument that the Sentencing Commission's recommendation itself indicates that the statutory distinction between rock and powder cocaine serves no rational purpose. See United States v. Dumas, 64 F.3d 1427, 1430 (9th Cir.1995); see also United States v. Harding, 971 F.2d 410, 413-14 (9th Cir.1992) (Congress legitimately may decide to punish the sale of crack more severely than the sale of powder cocaine; even if need for more severe penalties for crack cocaine is not clearly evident, these issues are at least highly debatable), cert. denied 113 S.Ct. 1025 (1993).
 
 
 5
 Finally, because any such departure would conflict directly with statutory law, see 21 U.S.C. § 841, we reject Howard's argument that district courts may depart downward based on the Guidelines' failure to take into account the factors recognized in the Sentencing Commission's May 1, 1995 recommendation.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3